JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 12 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH NEAR VAN CLEVE,         )     DOCKET NO. 407
MISSISSIPPI, ON AUGUST 13, 1977         )

OPINION AND ORDER

---

BEFORE ANDREW A. CAFFREY, ACTING CHAIRMAN, ROY W. HARPER,
CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H.
SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of nine actions, pending in a total of four federal districts: three in the Southern District of Mississippi, and two each in the Northern District of Oklahoma, the Southern District of Alabama and the Northern District of Texas.

On August 13, 1977, a Beech Queenair aircraft was on a flight from Biloxi, Mississippi, to a destination in Alabama. On board the aircraft were a pilot, a co-pilot and a single passenger. During the course of the flight, the left engine of the aircraft allegedly failed, causing an in-flight fire to occur in and around the engine. This fire allegedly caused the left wing of the aircraft to fall off, and the aircraft crashed near Van Cleve, Mississippi. Each of the occupants of the aircraft died as a result of this disaster.

Plaintiffs in each of the actions before the Panel are the personal representatives or relatives of the three decedents. Relatives of the passenger and the personal

representative and/or relatives of the co-pilot have each commenced an action in each of the districts in which the actions before the Panel are pending; the ninth action was commenced by a personal representative of the pilot. Beech Aircraft Corporation (Beech), the manufacturer of the aircraft, is a defendant in most of the actions before the Panel. Other parties named as defendants in one or more of these actions include numerous companies that participated in a major overhaul of the left engine of the aircraft, which was performed in April, 1976 in Tulsa, Oklahoma; the corporation that manufactured the aircraft's left engine; and the individual who owned the aircraft at the time of the crash. Plaintiffs seek to recover against these defendants on theories of, *inter alia*, strict liability and negligence.

Each of the actions before the Panel was filed in 1979 and minimal or no discovery has yet been accomplished in the actions.

Because these actions appeared to share questions of fact, the Panel, pursuant to 28 U.S.C. §1407, originally issued orders to show cause why the actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings. *See* Rule 8(a), R.P.J.P.M.L. 78 F.R.D. 561, 566-67 (1978). Subsequently, an individual who is either a plaintiff or a co-plaintiff in an action pending in each of the four districts involved in this litigation moved the Panel to centralize all actions

in the Southern District of Mississippi. Two defendants oppose transfer; alternatively, these defendants urge centralization in, respectively, the Northern District of Oklahoma or the Northern District of Texas.[1/] All other responding parties favor centralization, and support either the Northern District of Oklahoma or the Southern District of Mississippi as the transferee district.

We find that these actions involve common questions of fact and that transfer of the actions pending in districts other than the Northern District of Oklahoma to that district for coordinated or consolidated pretrial proceedings under Section 1407 with the actions pending there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The opponents of transfer concede that these actions share questions of fact concerning the cause or causes of the crash. The thrust of opponents' argument is that although nine actions are before the Panel, these actions were commenced by only three sets of plaintiffs, and that voluntary cooperation among the parties and courts involved in this litigation is a viable and preferable alternative to Section 1407 transfer.

We do not find this argument persuasive. While voluntary coordination of pretrial efforts is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all

---

1/ This defendant has not offered any arguments in support of centralization in the Northern District of Texas.

other pretrial proceedings. See In re Gas Meter Antitrust Litigation, 464 F.Supp. 391, 393 (J.P.M.L. 1979). The transferee judge, of course, will have the flexibility and overall perspective of this litigation to design a pretrial program that will accommodate the needs of each party for any unique discovery or judicial attention concurrently with the common pretrial matters and, as a result, the litigation will harmoniously proceed for the benefit of the parties, their witnesses and the judiciary. And the transferee judge has power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Manual for Complex Litigation, Parts I and II, §§2.31 (rev. ed. 1977).

The proponents of centralization in the Southern District of Mississippi argue as follows: (1) the crash occurred there, and the Panel has often followed a "situs of the crash" rule in selecting the transferee district in air disaster litigation; (2) many of the factors cited by the Panel in support of the "situs of the crash" rule -- including the facts that all the witnesses to the crash, the rescue efforts and the weather conditions reside in the Southern District of Mississippi, as do all airport personnel who may have had contact with the aircraft prior to the crash -- are present in this litigation; and (3) the Southern District of Mississippi is the only forum in which actions have been filed by representatives and/or relatives of each of the decedents.

While it is true that we have often applied a situs of the crash rule in air disaster litigation, under the circumstances of the present litigation we are persuaded that centralization in the Northern District of Oklahoma will result in the most expeditious resolution of these actions. The record before us makes it clear that discovery and other pretrial proceedings concerning liability issues in this litigation will in all likelihood focus on at least six different geographic areas: Mississippi (the situs of the crash); Texas (where two companies which participated in the engine's major overhaul maintain their headquarters and where, therefore, some witnesses and potentially relevant documents are located); Wichita, Kansas (the location of Beech's headquarters, and therefore the location of numerous witnesses and potentially relevant documents); Williamsport, Pennsylvania (the location of the engine manufacturer's headquarters, and the place where the "teardown inspection" of the allegedly defective engine occurred); Tulsa, Oklahoma (where, as previously noted, the major overhaul of the engine was accomplished); and Oklahoma City, Oklahoma (where the Federal Aviation Administration records on the aircraft in question, including the records of major repairs and alterations, allegedly are located). Given these foci for pretrial proceedings on the liability issues, we are persuaded that the Northern District of Oklahoma would be a more centrally located and easily accessible transferee forum than the Southern District of Mississippi.

-6-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of Oklahoma be, and the same hereby are, transferred to the Northern District of Oklahoma and, with the consent of that court, assigned to the Honorable H. Dale Cook for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

```
                    DOCKET NO. 407
                      Schedule A
```

| SOUTHERN DISTRICT OF ALABAMA | Civil Action No. |
|---|---|
| Audrey E. Crawford, et al. v. Beech Aircraft Corporation | 79-0456-P |
| H. P. Lucas v. Beech Aircrat Corporation | 79-0455-P |

SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| H. P. Lucas v. Beech Aircraft Corporation, et al. | H79-0069(N) |
| Joseph White, et al. v. Beech Aircraft Corporation | 79-0295(R) |
| Nancy Catherine Davis, etc. v. Beech Aircrat Corporation, et al. | H79-0164(C) |

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Audrey E. Crawford, et al., etc. v. Miller Aviation Enterprises, Inc., et al. | 79-C-506-D |
| H. P. Lucas, et al. v. Miller Aviation Enterprises, Inc., et al. | 79-C-486-C |

NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| H. P. Lucas, et al., etc. v. Beech Aircraft Corporation | CA3-79-0977-K |
| Audrey E. Crawford, et al. v. Beech Aircraft Corporation, et al. | CA3-79-1022-G |